has no answer or other pleading on file. In this condition of the case Robinson (both he and the plaintiff being citizens of Missouri), and Prince, who is a citizen of Illinois, joined in an application to the state court to have the cause removed to this court. The petition for the removal stated only that the value of the land exceeded $500, and that Prince was a citizen of the state of Illinois. It contained no statement concerning the ownership of the land nor the relations which Robinson and Prince sustained towards each other in respect thereto. On this petition the state court made an order, removing the whole cause as respects both defendants, to this court; and here the plaintiff now moves that the cause be remanded to the state court, on the ground that it was improperly transferred.

Ewing & Holliday, for plaintiff.

Krum & Decker and Edmund T. Allen, for defendant.

Before DILLON, Circuit Judge, and TREAT and KREKEL, District Judges.

DILLON, Circuit Judge.—The defendant's counsel in argument seeks to support the order of removal on the ground that Prince is the real owner, and Robinson but his tenant, and that the action, though in form possessory, is in reality brought to try the title which is in dispute between the plaintiff and Prince; and he claims that under such circumstances, Prince, as a non-resident, had, under the act of July 27, 1866, (14 Stat. 306,) a right at all events, to have the cause removed as to him, and that if remanded it should be remanded only as respects Robinson. Prior to the act of 1866, just mentioned, it is clear that Prince having been admitted as a co-defendant, and standing on the record as such, could not have the cause removed, since it was not removable as to Robinson, he being a citizen of Missouri. Torry v. Beardsley, [Case No. 14,104.] Title may be tried in this form of action as was adjudged by the supreme court of the United States, in Miles v. Caldwell, 2 Wall. [69 U. S.] 35; and if in this case Robinson had filed an answer disclaiming all title or right, or claiming under Prince, and the latter had shown in his petition that he was a citizen of Illinois, that he owned the land, that the action involved his title thereto, that its value exceeded the sum of $500, and asking a removal as to him, we would have then presented for decision the question which the defendants' counsel has argued, but which does not arise upon the record of the proceedings in the state court. On the face of those proceedings the order for the removal was erroneously made, both as respects Robinson and Prince, and the cause as to both must be remanded. Motion sustained.

TREAT and KREKEL, District Judges, concur.

ALLING, (DENVER & R. G. RY. CO. v.)

[See Denver & R. G. Ry. Co. v. Alling, Case No. 3,811.]

ALLIS, (DAVIDSON v.)

[See Davidson v. Allis, Case No. 3,600.]

## Case No. 250.

### ALLIS v. STOWELL.

[Cited as an unreported case in Allis v. Buckstaff, 13 Fed. 882. Reported in 9 Fed. 304.]

## Case No. 251.

### ALLISON v. ALEXANDER.

[1 Cranch, C. C. 237.][1]

Circuit Court, District of Columbia. June Term, 1805.

#### ACTION—ELECTION.

The plaintiff, having proceeded both at law and in equity, must make his election.

On motion by Mr. Simms, for the defendant, THE COURT ordered the plaintiff to make his election, he having proceeded at law and in chancery, for money due from defendant's testator to plaintiff on partnership account.

ALLISON, (HARTSHORN v.)

[See Hartshorn v. Allison, Case No. 6,165.]

## Case No. 252.

### ALLISON v. PHOENIX INS. CO.

[3 Dill. 480;[2] 4 Ins. Law J. 198.]

Circuit Court, D. Iowa. 1873.

DOUBLE INSURANCE—NOTICE — ENTIRETY OF POLICY COVERING DISTINCT PROPERTY SEPARATELY VALUED.

1. A second fire policy invalid by reason of misrepresentation as to prior insurance. does not constitute additional insurance within the meaning of the usual condition against other insurance contained in a prior policy, in another company.

[See Holbrook v. American Ins. Co., Case No. 6,589. Contra, see Turner v. Meridan Fire Ins. Co., 16 Fed. 454. For discussion of question of double insurance, see note to latter case.]

2. Carpenter v. Providence Wash. Ins. Co., 16 Pet. (41 U. S.) 495, distinguished.

3. Whether a second valid insurance on furniture not notified to the company issuing the first policy, which covered other property separately valued, as well as furniture, avoids the first policy, in toto, or only as to the furniture, quaere. See cases cited.

[At law. Action by B. F. Allison on a policy of fire insurance against the Phoe-

---

[1][Reported by Hon. William Cranch, Chief Judge.]

[2][Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]